# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAQUON L. POINDEXTER,

    Petitioner,  :  Case No. 2:22-cv-2441

 - vs -         District Judge Sarah D. Morrison
              Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional
 Institution,

              :
    Respondent.

## REPORT AND RECOMMENDATION

  This is a habeas corpus case brought *pro se* by Jaquon Poindexter pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Franklin County Court of Common Pleas. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 7), the Return of Writ (ECF No. 8) and Petitioner's Reply (ECF No. 9). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the Southern District (ECF No. 10).

**Litigation History**

  On November 4, 2016, a Franklin County Grand Jury indicted jury indicted Poindexter on one count of Aggravated Burglary (Ohio Revised Code § 2911.11)(Count 1); two counts of Aggravated Robbery (Ohio Revised Code § 2911.01)(Counts 2 and 5); two counts of Attempted Murder, (Ohio Revised Code § 2923.02)(Counts 3 and 6); two counts of Felonious Assault, (Ohio Revised Code §

1

2903.11)(Counts 4 and 7); two counts of Aggravated Murder, (Ohio Revised Code § 2903.001)(Counts 8 and 9); two counts of Murder, (Ohio Revised Code § 2903.02)(Counts 10 and 11); and one count of Having Weapons Under Disability, (Ohio Revised Code § 2923.13)(Count 12). (Indictment, State Court Record, ECF No. 7, Ex. 1). All the counts except for the Weapons Under Disability count contained a firearm specification and repeat violent offender specification. A jury found Poindexter guilty of one count of aggravated burglary, two counts of attempted murder, one count of felonious assault, one count of aggravated robbery, one count of felonious assault, one count of aggravated murder, and one count of murder. (Verdicts, State Court Record, ECF No. 7, Exhibit 4). Petitioner was sentenced to life imprisonment without the possibility of parole. *Id.* at Ex. 7.

Poindexter appealed, but the Ohio Tenth District Court of Appeals affirmed. *State v. Poindexter,* 2021 Ohio 1499 (10th Dist. April 29, 2021). Poindexter appealed to the Supreme Court of Ohio, but that court declined to exercise jurisdiction. *State v. Poindexter,* 164 Ohio St.3d 1404 (2021). On June 3, 2021, Poindexter filed an application to reopen his direct appeal to raise a single claim of ineffective assistance of appellate counsel. The Tenth District denied the application and Poindexter did not appeal further to the Ohio Supreme Court. *State v. Poindexter*, Case No. 19-AP394 (10th Dist. Aug. 31, 2021)(copy at State Court Record, ECF No. 7, Ex. 17). Poindexter did not appeal further to the Supreme Court of Ohio.

Poindexter then filed his Petition in this Court, raising the following grounds for relief:

> **GROUND ONE**: Petitioner's Appellate Counsel was ineffective in Failing to properly present and argue meritorious claims.
>
> Failing to properly present and argue meritorious claims.
>
> **Supporting Facts**: A convicted criminal defendant is entitled to the effective assistance of appellate counsel on a first appeals as of right, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Appellate counsel is ineffective if counsel's performance is objectively unreasonable, and if appellate counsel's performance substantially prejudices the

2

defendant's appeal. *Strickland v. Washington*, 466 U.S. 668, 687 (1984)

Here, appellate counsel failed to raise meritorious Assignments of Error, as detailed below. Because of the nature of the errors that occurred at trial, raising these issues on direct appeal would have led to reversal, meaning Poindexter's direct appeal was substantially prejudiced.

Ineffective assistance of trial defense counsel:
A. Failure to object to incorrect instruction on the issue of intent required for the commission of aggravated murder.

Trial court erred by sentencing defendant on allied offenses

A. Double Jeopardy Clauses

B. Void Sentence

Rights to Confrontation Violated
A. Confrontation Clause
B. Hearsay


**GROUND TWO**: Violation of Speedy Trial Rights

**Supporting Facts**: Petitioner's speedy trial rights were violated because the state did not bring Poindexter to trial within the time limit required. The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution, and Article 1, Section 10 of the Ohio Constitution. R.C. 2945.71 requires against whom a felony charge is pending shall be brought to trial within 270 days after the person's arrest. R.C. 2945.71(e) requires that if a person is held in jail in lieu of bail then each day of custody is counted as three (3) days. If the defendant is not brought to trial within the time limit required, the information or indictment shall be dismissed on motion of the defendant.

Poindexter was arrested on October 28, 2016, the first tolling event was on November 10, 2016 for demanding discovery. Twelve (12) days elapsed before defense requested for discovery. Discovery demands tolls the speedy trial clock until the states (sic) provides its discovery response. Discovery was filed on November 20, 2016. On January 9, 2017 a continuance was requested which also tolled the speedy trial clock. Forty (40) days elapsed before the continuance was requested. A set trial date was on February 23, 2017 and was

> rescheduled to February 27, 2017 because the judge was unavailable. On February 13, 2018 the court ordered Attorney Karen Phipps to withdrawal (sic) from the pending case. The court appoints Thomas Hays to represent Poindexter on February 13, 2018. On February 26, 2018 the court ordered a fifty-two (52) day continuance. The trial court did not timely journalize/record the entry that set forth adequate reasons for extending the statutory time period. Attached is a letter from the Franklin County Clerk of Courts and it states that there is no image for the continuance order for 2/26/2018 therefore the time should be counted against the state.

(Petition, ECF No. 1, PageID 3-6).

## Analysis

**Ground One:  Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief, Poindexter claims he received ineffective assistance of appellate counsel in violation of his right to effective assistance of counsel codified in the Sixth Amendment. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

Respondent does not contest the existence of the right or its enforceability in habeas corpus, but asserts Poindexter procedurally defaulted in presenting his ineffective assistance of appellate counsel claim to the Ohio courts. (Return, ECF No. 8, PageID 1212).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

4

> demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Under Ohio law, the proper method of presenting a claim of ineffective assistance of appellate counsel is by filing an application to reopen the direct appeal under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).

Poindexter filed an Application for Reopening, but the only omitted Assignment of Error he asserted was the denial of his right to a speedy trial (Application, State Court Record, ECF No.

7, Ex. 15, PageID 174-76. Poindexter's First Ground for Relief is much broader. He asserts here that appellate counsel was ineffective both for failure to complain of the ineffective assistance of trial counsel (failure to object to jury instruction), but also of trial court error.

In addition to his failure to include in his Application for Reopening all the claims of ineffective assistance of appellate counsel he makes here, Poindexter also failed to appeal from denial of that Application to the Ohio Supreme Court.

A procedural default can be excused by showing cause for the default external to the Petitioner and resulting prejudice. *Wainwright v. Sykes*, 433 U.S. 72 (1977). Poindexter recognizes the cause and prejudice rule but points out another way in which his ineffective assistance of trial counsel claim was procedurally defaulted: absence of a contemporaneous objection (Reply, ECF No. 9, PageID 1227). Failure to make a contemporaneous objection is well-recognized as an Ohio procedural rule whose violation can constitute ineffective assistance of trial counsel. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011);

*Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Furthermore, ineffective assistance of trial counsel can constitute excusing cause for a procedural default. *Murray v. Carrier,* 477 U.S. 478 (1986). However, before ineffective assistance of trial counsel can be used as excusing cause, it must itself be presented to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000)*.* Poindexter has never presented omission of a contemporaneous object to the Ohio courts for evaluation as excusing cause, either on direct appeal or by a separate petition for post-conviction relief under Ohio Revised Code § 2953.21.

Poindexter's First Ground for Relief is barred by his procedural defaults in presenting it to the Ohio courts and should be dismissed on that basis.

**Ground Two: Denial of a Speedy Trial**

In his Second Ground for Relief, Poindexter claims he was denied a speedy trial.

Criminal defendants in Ohio have two kinds of speedy trial rights. The Ohio General Assembly has adopted a very specific statutory guarantee in Ohio Revised Code § 2945.71, et seq.: a person must be brought to trial within 270 days of arrest; a day in pretrial confinement counts for three so that ninety days is the limit; continuance entries must be promptly journalized, and so forth.

The federal constitutional right is much more flexible and has not been codified by Congress. Only the constitutional right is enforceable in habeas corpus because federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal

habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Poindexter argues Ground Two entirely as a an Ohio statutory claim: the absence of a journalized continuance entry is fatal, certain times are to be charged to the State, etc. But violation of the Ohio statute does not constitute a federal constitutional violation. *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

In addition to essentially pleading only an Ohio claim, Poindexter has procedurally defaulted this claim by not including it in his direct appeal to the Supreme Court of Ohio. Finally, as Respondent points out the Tenth District Court of Appeals found that the supposedly missing continuance entry is in fact of record. We, of course, are bound by that factual finding in the absence of clear and convincing proof to the contrary. 28 U.S.C. § 2254(e).

Ground Two is both procedurally defaulted and without constitutional merit. It should be dismissed on that basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

8

be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

November 14, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
