# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JAQUON L. POINDEXTER,** | : | |
| Petitioner, | : | |
| v. | : | Case No. 2:22-cv-02441<br>Judge Sarah D. Morrison<br>Magistrate Judge Michael R. Merz |
| **WARDEN, Ross Correctional Institution,** | : | |
| Respondent. | : | |

## ORDER

On November 14, 2022, the Magistrate Judge issued a Report and Recommendation recommending that *pro se* Petitioner Jaquon L. Poindexter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. (R&R, ECF No. 11.) Mr. Poindexter timely objected. (Obj., ECF No. 12.)

A litigant who is the subject of an adverse report and recommendation from a Magistrate Judge is entitled to *de novo* review of those portions of the report to which proper objections are made. Fed. R. Civ. P. 72(b).

Mr. Poindexter raises two grounds in his Objection. The first is that his appellate counsel was ineffective by failing to complain of trial counsel's ineffectiveness when trial counsel failed to object to incorrect jury instructions. (Obj. PageID 1243.) Mr. Poindexter does not explain where the Magistrate Judge errored in his analysis.

As the Magistrate Judge explained, Mr. Poindexter's application for reopening asserted one assignment of error that appellate counsel was ineffective by failing to argue that the trial court erred when it denied Mr. Poindexter's motion to dismiss for speedy trial violations. (ECF No. 7, PageID 154–60, 173–75; R&R PageID 1236–39.) Mr. Poindexter did not make the ineffectiveness/failure to object claim in his application for reopening that he makes in his petition and Objection. (*Id.*) Nor did Mr. Poindexter appeal the denial of his application for reopening to the Supreme Court of Ohio. Therefore, the ineffectiveness/failure to object claim was procedurally defaulted.

As he did in his petition, Mr. Poindexter recognizes the cause and prejudice rule for excusing procedural default, but he raises no errors in the Magistrate Judge's cause and prejudice analysis, and this Court finds none upon its *de novo* review.

Mr. Poindexter's second ground is that he was denied a speedy trial under Ohio law because "the continuance order was not promptly journalized." (Obj. PageID 1244; *see* Ohio Rev. Code §§ 2945 *et seq.*) Again, Mr. Poindexter fails to argue against the Magistrate Judge's analysis and instead makes the same arguments as in his petition. The Court has reviewed the Magistrate Judge's analysis and agrees Mr. Poindexter's second ground is meritless. In a habeas case, the Court's inquiry "is whether the state's procedures have passed federal constitutional muster, not whether there was an error in the state's applying its own law." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995); *see also* (R&R

2

PageID 1239–40); 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objection, the Court **ADOPTS and AFFIRMS** the Report and Recommendation (ECF No. 11) and **OVERRULES** Petitioner's Objection (ECF No. 12). The Clerk will enter judgment that the petition is **DISMISSED with prejudice**. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis.*

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**